CIVIL CASE REF: 1:19-CV-4268

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 0 2 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

Varujan L Piccard

*Plaintiff(s)*

-v-

Neil P. Deedy

*Defendant(s)*

Case Number: 1:21-cv-0558

Michael L. Brown
United States District Judge

## PLAINTIFF BRIEF IN SUPPORT OF MOTION TO PIERCE THE CORPORATE VEIL

The Plaintiff, Varujan L Piccard, hereby respectfully submits this Brief in to Support of the Motion to Pierce the Corporate Veil: The Defendant's website, premiercopy.com, re-directs to premierprintingnow.com, which is Premier Graphics and Communication, whose address is listed as: 2505 Meadowbrook Parkway, Duluth, Georgia 30096. The Defendants website, atlantabookprinting.com, states itself to be a book publisher, book printer, and a division of Premier Copy, Inc.; whose address is also listed as: 2505 Meadowbrook Parkway, Duluth, Georgia 30096. Courts permit piercing the Corporate Veil in situations where the parties involved have themselves disregarded the separateness of legal entities by a commingling and confusion of properties, records, and controls.

The Plaintiff references the Court to the Georgia Code for Corporations, Title 14-2-202(b)(4) in regards to Articles of Incorporation. Statutes set forth in Georgia Case Law for Piercing the Corporate Veil include:

(1)     **Bone Const. Co., Inc. v. Lewis, 250 S.E.2d 851 (Ga. Ct. App. 1978).**

Courts permit "piercing the corporate veil" "in situations where the parties involved have themselves disregarded the separateness of legal entities by a commingling and confusion of properties, records, control, etc." Kaplan's Nadler, Ga. Corporation Law 99, s 3-21; 6 EGL 187.

In this case it was obvious that the defendant, the individual who was the principal shareholder, CEO or owner of the corporation, conducted his private and corporate business on an interchangeable or joint basis as if they were one; and that the defendant was therefore without standing to complain that the injured party filed a claim upon the defendant as if all its corporate entities were one. "Under such circumstances, the court may disregard the corporate entity." Kaplan's Nadler, Ga. Corporation Law 100, s 3-21.

(2)     **Boafo v. Hospital Corp. of America, 338 S.E.2d 477 (Ga. Ct. App. 1985)**

This case re-established that the reason that law establishes separate corporate identity is so that a corporation can hold itself independently apart and insulate it from existence of another related corporation even while it uses related corporation or controls it to promote

its own end, and separate identity is not disregarded, *<u>unless it serves to promote injustice or protect fraud, for that would defeat the purpose of law.</u>

(3)     **Anderson v. Chatham, 379 S.E.2d 793 (Ga. Ct. App. 1989).**

The evidence of Anderson's disregard of the separateness of the legal business entities by a commingling and confusion of properties, records, control, etc. was sufficient to permit the jury to pierce the corporate veils.

(4)     **Humana, Inc. v. Kissun, 471 S.E.2d 514 (Ga. Ct. App. 1996).**

In order to pierce corporate veil it must be shown that parent's disregard of corporate entity made subsidiary mere instrumentality for transaction of parent's affairs, that there was such unity of interest in ownership that separate personalities of subsidiary and parent no longer exist, *and that to adhere to doctrine of corporate entity would promote injustice or protect fraud. For issue of piercing corporate veil to be submitted to the court and jury there must be evidence that corporate arrangement was a sham; used to defeat justice, to perpetuate fraud, or to evade statutory, contractual, or tort responsibility.

**Conclusion:**

As previously stated, the Plaintiff moves the Court to Pierce the Corporate Veil so that the Defendant, Neil P. Deedy, can be held personally liable for his own actions.

Veil piercing is necessary here because the Defendant has Willfully committed unlawful acts against the Plaintiff, (in this case Fraud, Copyright, Trademark and Publisher Rights Infringement). The Defendant's current attempt to confuse and use his corporation to avoid tort liability gives this Court the liberty and responsibility to Pierce the Corporate Veil for the sake of justice and fairness.

Respectfully submitted this 31st day of March, 2021.

/s/ Varujan L Piccard - Pro Se

**PARTY WITHOUT AN ATTORNEY – PRO SE**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

**CERTIFICATE OF SERVICE**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this document: (1) was not presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) contains factual contentions and allegations that have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) complies with the requirements of Rule 11.

I hereby certify that I mailed this foregoing document to: Rebecca Elizabeth Strickland; Rebecca.strickland@swiftcurrie.com/Hannah.reynolds@swiftcurrie.com. Swift, Currie, McGhee & Hiers, LLP Attn: 1355 Peachtree Street N.E. Suite 300, Atlanta, Georgia 30309. Respectfully submitted this 31st day of March 2021.

/s/ Varujan L Piccard - Pro Se
Author/Interior Solutions Publishing
265 Rose Ivy Ct
Lawrenceville, Georgia 30043
(770) 363-2886
interiorsolutions.net@gmail.com






