## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Varujan L. Piccard,

               Plaintiff,

v.                                        Case No. 1:21-cv-558-MLB

Neil P. Deedy,

               Defendant.

_____/

## OPINION & ORDER

Plaintiff Varujan Piccard sued Defendant Neil Deedy for copyright infringement, trademark infringement, publisher infringement, and fraud. (Dkt. 1.) The parties filed fourteen motions. (Dkts. 8; 10; 23; 36; 38; 39; 48; 51; 54; 55; 62; 68; 72; 73.)[1] The Court addresses each.

## I.    Background

According to Plaintiff's allegations in the complaint, he hired Premier Graphics & Communications in November 2018 to print a book he had written entitled "The Book of Zhongli – The Way of the Warrior."

_____

[1] Defendant only filed one motion (Dkt. 8), with Plaintiff filing the other thirteen. (Dkts. 10; 23; 36; 38; 39; 48; 51; 54; 55; 62; 68; 72; 73.)

(Dkt. 1 at 3.)  Plaintiff alleges Defendant Deedy (Premier Graphic's CEO) offered to "give" Plaintiff an International Standard Book Number ("ISBN") for the book.  (*Id.* at 4.)  Plaintiff declined, claimed doing so would violate ISBN Agency Policy.  (*Id.*)  Plaintiff provided his own ISBN, but Defendant nevertheless registered the book with a different ISBN and without telling Plaintiff it had done so.  (*Id.*)  Plaintiff says Defendant also registered Plaintiff's book by falsely claiming Atlanta Book Printing was the publisher.  (*Id.*)  He says Defendant registered the book while possessing electronic copies of it.  (*Id.* at 5–6.)  Finally, he claims Defendant marked their "false" ISBN as "Publication Cancelled" in the ISBN database.  (*Id.* at 7.)

Plaintiff is the sole author and owner of all rights to the publication at issue.  (*Id.* at 5.)  The actual publisher of the book is Interior Solutions, whose trademark is registered by the U.S. Patent and Trademark Office and is owned by Plaintiff.  (*Id.* at 6.)

On February 8, 2021, Plaintiff, proceeding pro se, filed his complaint, alleging copyright infringement, trademark infringement, publisher infringement, and fraud, naming only Defendant Deedy as a defendant.  (*Id.* at 3.)  On March 3, 2021, Defendant moved to dismiss.

(Dkt. 8.)  That set off a flurry of motions by Plaintiff.  He filed a motion for judgment on the pleadings on March 5, 2021 (Dkt. 10); a motion to pierce the corporate veil on March 24, 2021 (Dkt. 23); a motion for limited discovery on April 8, 2021 (Dkt. 36); a motion to compel Defendant to file initial disclosures on April 9, 2021 (Dkt. 38); a renewed motion for judgment on the pleadings on April 15, 2021 (Dkt. 39); a motion for joinder, or in the alternative, a motion for judgment on the pleadings on April 29, 2021 (Dkt. 48); a motion for judicial notice on May 5, 2021 (Dkt. 51); another motion for judicial notice on May 10, 2021 (Dkt. 54); a third motion for judicial notice on May 11, 2021 that is largely a duplicate of his second motion for judicial notice (Dkt. 55); another motion for judicial notice on May 24, 2021 (Dkt. 62); a motion for preliminary injunction on June 29, 2021 (Dkt. 68), and two motions to expedite consideration of the motion for preliminary injunction August 30, 2021.  (Dkts. 72; 73.)

## II.   Motions for Judicial Notice

As stated, Plaintiff filed four motions for judicial notice.  (Dkts. 51; 54; 55; 62.)[2]  Under Federal Rule of Evidence 201(b), a court make take

---

[2] Plaintiff's "Motion for Judicial Notice (2ND)" filed at docket entry 54 is identical to his "Motion for Judicial Notice (2ND)" filed at docket entry

judicial notice of a fact without formal proof when the fact is not subject to reasonable dispute because it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  The Eleventh Circuit has urged caution in this regard because the judicial notice process "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in [a] district court."  *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997).  "[T]he kind of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958."  *Id.*  And "a court's authority to take judicial notice under Rule 201 is limited to notice of adjudicative facts, which are defined as the facts of the particular case . . . which relate to the parties. A court may thus refuse to take judicial notice of facts that are irrelevant to the proceeding."  *Ballard v. Bank of*

---

55, except that docket entry 55 includes a line in paragraph 5 which appears to have been omitted in docket entry 54.  (Dkts. 54; 55.)  The Court refers to docket entry 55.

*Am. Corp.*, No. 1:13-cv-04011, 2014 WL 11970543, at *7 (N.D. Ga. Sept. 11, 2014) (internal citations and quotation marks omitted); *United States v. Falcon*, 957 F. Supp. 1572, 1584–85 (S.D. Fla. 1997) (because the Advisory Committee Notes to Rule 408 "define adjudicative facts as the facts of the particular case . . . which relate to the parties[,] . . . a court may refuse to take judicial notice of facts that are irrelevant to the proceeding."). "[L]egal arguments and conclusions subject to more than one interpretation are not the types of statements that are the proper subject of judicial notice." *Reynolds v. United States*, No. CV 109-061, 2010 WL 1006253, at *4 (S.D. Ga. Mar. 17, 2010).

Plaintiff asks the Court to take judicial notice of sixteen facts. Defendant objects, in part or in full, to taking judicial notice of facts (1), (2), (3), (4), (5), (7), (8), (9), (10), (11), (12), (15), and (16). (Dkts. 57; 58; 59; 66.) The Court analyzes each:

**(1)** "The then Corporate entity and Defendant, Premier Copy, Inc. (Ref. 1:19-cv-4268), Corporate name was changed to Premier Graphics and Communication Inc. on February 17, 2020 at 03:59:05 PM; Effective Date February 10, 2020. . . . [Ref: Georgia Secretary of State]." (Dkt . 51 at 1–2.)

The Court takes judicial notice of the name change of Premier Copy, Inc. to Premier Graphics & Communications Inc., but will not take judicial notice of whether Premier Copy, Inc. was a defendant in 1:19-cv-4268-MLB.

**(2)** "The Defendant changed its corporate name from Premier Copy, Inc. to Premier Graphics and Communication Inc. in the middle of the adjudication of case number 1:19-cv-4268." (*Id.* at 2.)

The Court will not take judicial notice of the fact "The Defendant changed its corporate name" since there is no indication Defendant Deedy, the only defendant in the case, changed his name.

**(3)** "Premier Copy, Inc. no longer exists and is therefore no longer a legal entity; and therefore the name Premier Copy, Inc. cannot, could not, and should not have been used, for it did not have any legal interest in either case as a defense." (*Id.*)

The Court will not take judicial notice of this "fact," as it is really a legal argument and conclusion. *See Reynolds*, 2010 WL 1006253, at *4 ("[T]he Court finds that the 'adjudicative facts' Petitioner seeks to have judicially noticed are more properly characterized as legal arguments and conclusions that he submits in support of his claims for relief.").

**(4)** "The Defendant's Corporation, Premier Copy, Inc. (since 1995) changed its Corporate name to Premier Graphics and Communication Inc. prior to the Court's 1:19-cv-4268 Final Ruling, *and did so without notifying the Court." (Dkt. 51 at 2.)

The Court takes judicial notice of the fact Premier Copy, Inc. changed its name before the Court's final ruling in 1:19-cv-4268 but will not take judicial notice of the rest of the fact. The rest of the fact is really about the lack of a fact. Plaintiff requests the Court take judicial notice of the fact that there was no notification, but that fact cannot be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Plaintiff is asking the Court to look at the entire universe of information, which the Court cannot do.

**(5)** "The Defendant continued to use the name 'Premier Copy, Inc.' even though it knew it no longer existed and was not a legal entity (and deliberately failed to notify the Court and the Plaintiff, and failed to correct the Docket in case number 1:19-cv-4268 and this current suit 1:21-cv-0558." (*Id.*)

The Court will not take judicial notice of this fact. This "fact" includes legal arguments and information that cannot be accurately and

readily determined from sources whose accuracy cannot reasonably be questioned. *See Reynolds*, 2010 WL 1006253, at *4 ("[T]he Court finds that the 'adjudicative facts' Petitioner seeks to have judicially noticed are more properly characterized as legal arguments and conclusions that he submits in support of his claims for relief.").

**(6)** "U.S. Government Corporation Law and Georgia Code Title 14 regarding Corporations, Partnerships, and Associations; Publication of Notice of Change of Name. The rules clearly state that "if a company or corporation is involved in (pending) legal litigation when its name is changed, it (or its counsel) must inform the parties, opposing counsel, and the court where the action is pending. By filing a document called Articles of Amendment, an LLC or corporation can request to change the name of the business. When approved, it means the company will operate under its new name. It requires the abandoning of the original business name entirely."

(Dkt. 51 at 3.)

Federal courts can take judicial notice of the laws of every state in the Union. *See Lamar v. Micou*, 114 U.S. 218, 223 (1885). But the quoted passage is not supported by O.C.G.A. § 14-2-1006.1 (Plaintiff's citation). The Court thus will not take judicial notice of this fact.

**(7)** "[T]he Terms and Conditions (Rules and Regulations) of the United States ISBN Agency websites." (Dkt. 51 at 4.)

The Court will not take judicial notice of this "fact" which is really unspecified content on a series of websites. The Court agrees with

another court in this district's conclusion that this is not the kind of source whose accuracy cannot reasonably be questioned.  As that court put it:

> [C]ourts have long recognized that private, non-governmental websites are not the proper subject of judicial notice. Indeed, one court has gone so far as to describe information available from private internet websites as not remotely akin to the type of facts which may be appropriately judicially noticed. First, this information is not self-authenticating and [the plaintiff] does not proffer any evidence that adequately proves the authenticity of the information from the website. In fact, business websites generally are not the sorts of sources whose accuracy cannot reasonably be questioned. Thus, the information which [the plaintiff] requests to be judicially noticed is not the type of evidence contemplated by . . . the Federal Rules of Evidence.

*Daniels v. Howe Law Firm, P.C.*, 1:15-cv-00827, 2016 WL 11581822, at *2 (N.D. Ga. May 17, 2016), *report and recommendation adopted by* 2016 WL 11581982 (N.D. Ga. Jun. 15, 2016).

**(8)** "[T]he Defendant (Neil P. Deedy) registered the Plaintiff's book in his own name and with his own ISBN, while at the same time claiming that Atlanta Book Printing, a non-registered alter-ego, and non-legal entity, was the publisher." (Dkt. 55 at 1.)

The Court will not take judicial notice of this fact which appears to be supported by emails and private websites.  Plaintiff's attached

evidence does not prove this fact indisputably.   The circumstances surrounding the registration of the ISBN are at the heart of this dispute.

**(9)**  [T]he Plaintiff Emailed the Defendant (Neil P. Deedy) on Friday November 09, 2018 at 01:33PM informing him that "ISBN's cannot be transferred on an individual basis. And that if the Plaintiff (self-publisher/Interior Solutions) wanted to be identified as the publisher; that the self-publisher must purchase and use their own ISBN. And that printing companies cannot sell, give away or transfer one of their ISBNs to a customer."

(*Id.*)

The Court will not take judicial notice of this fact as the attached evidence does not prove the fact indisputably and Plaintiff's statements about what a website indicates are hearsay.

**(10)**  "[T]he attachments contained [in docket 55] prove that all of the Plaintiff's Claims are true; that the Plaintiff provided his own ISBN for the work in question."  (*Id.* at 2.)

The Court will not take judicial notice of this fact which is better characterized as a legal argument.

**(11)**  [T]he Defendant falsely claimed that by "giving" the Plaintiff an ISBN, the Plaintiff would "have full control" of the Plaintiff's own book and the Defendant's ISBN. Further, that the Defendant revealed that he, his company, his company entities, and his corporation, customarily register ISBNs for his customers, with or without their consent, which is against U.S. ISBN Agency Regulations and Policies.

(*Id.*)

10

The Court will not take judicial notice of this fact as Plaintiff's attached evidence does not prove this fact indisputably. The Court also will not take judicial notice of information from a private website.

**(12)** [T]he Plaintiff's book title page was printed with Premier Graphics and Communications (Atlanta Book Printing) listed as the printing company by the Defendant; and that neither Premier Graphics and Communications or Atlanta Book Printing, being Alter Egos of the Defendant's corporation, do not legally exist. Therefore, the Plaintiff's book must be reprinted at the Plaintiff's own expense to reflect the correct information. A corrected revision must also be filed with the Library of Congress. Court actions are therefore necessary to correct and remove the Defendant from the Plaintiff's permanent Copyright, Publisher, and Trademark records.

(*Id.*)

The Court will not take judicial notice of this fact which is better characterized as a legal argument.

**(13)** Plaintiff's copyright. (Dkt. 62 at 1.)

The Court takes judicial notice of the copyright registration no. TXu002071691.

**(14)** Plaintiff's trademark. (*Id.*)

The Court takes judicial notice of the trademark registration nos. 5,855,805 and 5,631,575.

**(15)** A screenshot of Google books. (*Id.* at 2.)

11

The Court will not take judicial notice of this fact. While the screenshot is attached to Plaintiff's complaint, the Court will not take judicial notice of information on a private website. (Dkt. 1-1 at 6.)

**(16)** "U.S. ISBN Agency Infringement Proof." (Dkt. 62 at 2.)

The Court will not take judicial notice of this fact. While the screenshot is attached to Plaintiff's complaint, the Court will not take judicial notice of information on a private website. (Dkt. 1-1 at 7.)

## III. Motion to Dismiss

On March 3, 2021, Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(4), arguing the complaint fails to satisfy the pleading requirements set forth in Federal Rule of Civil Procedure 10. He also moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing the complaint fails to state a claim. (Dkt. 8.) The Court denies his motion to dismiss under Rule 12(b)(4) but grants his motion, in part, under Rule 12(b)(6).

### A. Legal Standard

"A defendant may object to service by filing a motion to dismiss pursuant to Rule 12(b)(4)." *Binns v. City of Marietta Hous. Auth.*, No. 1:07-cv-0070, 2007 WL 2746695, at *2 (N.D. Ga. Sept. 18, 2007). The

"[p]laintiff bears the burden of establishing that service was properly effected . . . ." *Ishler v. C.I.R.*, 442 F. Supp. 2d 1189, 1196 (N.D. Ala. 2006); *see also Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Jan. 27, 1981) ("When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity."). A defendant, however, must show that process was insufficient by pointing out specifically how plaintiff failed to satisfy the requirements of the service provision utilized before a plaintiff must meet his burden. *See* 5B Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 1353 (3d ed. 2009); *Hickson v. Home Fed. of Atlanta*, 805 F. Supp. 1567, 1571 (N.D. Ga. 1992).

> Although [12(b)(4)] is rarely invoked and litigated, extant authority makes clear that a Rule 12(b)(4) motion is appropriate only where the summons is defective. Indeed, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. Dismissals for defects in the form of summons are generally disfavored . . . and hence are not a ground for dismissal unless the defendant demonstrates actual prejudice.

*Mortensen v. Mortg. Elecs. Registration Sys., Inc.*, No. 09-0787, 2010 WL 3339492, at *1 (S.D. Ala. Aug. 23, 2010) (internal quotations and citations omitted).

13

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This requires more than a "mere possibility of misconduct." *Id.* at 679.  Plaintiff's well-pled allegations must "nudge[] [his] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In making this plausibility determination, the court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." *Wooten v. Quicken Loans, Inc.*, 626 F.3d 1187, 1196 (11th Cir. 2010).  But the court need not credit "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004).  "[L]abels and conclusions" are disregarded, and "formulaic recitation[s] of the elements of the cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

## B.    Insufficient Process

Defendant argues Plaintiff's pro se complaint fails to comply with Federal Rule 10's pleading requirement.  Most importantly, he says it includes long rambling paragraphs under various headings, does not contain clear statements as to what he says Defendant did, and fails to distinguish between Premier Copy and Defendant Deedy.  (Dkt. 8-1 at 6.) Defendant says service of the insufficient complaint requires dismissal under Federal Rule 12(b)(4).

Under Rule 10, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Fed. R. Civ. P. 10(b).  The purpose of Rule 10 is, in part, to allow the "adversary [to] discern what [a plaintiff] is claiming and frame a responsive pleading."  *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 980 n.57 (11th Cir. 2008) (quoting *Fikes v. City of Daphne*, 79 F.3d 1079, 1082–83 (11th Cir. 1996)).

The Court recognizes Plaintiff's pleading is not well done.  As discussed in more detail below, Plaintiff conflates Defendant's alleged

conduct with the alleged conduct of one or more companies, uses misplaced pronouns, and otherwise fails to assert his claims as well as should be expected.  But Plaintiff is proceeding pro se, and the Supreme Court has instructed that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court believes the complaint puts Defendant on sufficient notice of the allegations against him.  His attack on the sufficiency of Plaintiff's allegations supports this conclusion.  In addition, "the proper remedy for a violation of Rule 10(b) is not a Rule 12(b)(6) motion to dismiss, but instead is a motion for more definite statement under Rule 12(e)." *Dantzler, Inc. v. Hubert Moore Lumber Co., Inc.*, No. 7:13-CV-56, 2013 WL 5406440, at *3 (M.D. Ga. Sept. 25, 2013).  Plaintiff has not sought that remedy.  The Court denies Defendant's motion to dismiss under Federal Rule 12(b)(4), acknowledging Plaintiff will have to be much more precise to avoid summary judgment.

## C.   Publisher Infringement

Plaintiff appears to sue Defendant for "Publisher Infringement." (Dkt. 1 at 5.)  While Plaintiff's complaint is not entirely clear, his

pleadings are entitled to liberal construction. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Defendant does not mention this claim in his motion to dismiss. While the Court does not believe this is a cognizable cause of action, because no one has moved for dismissal, Plaintiff's "publisher infringement" claim is allowed to proceed.[3]

### D. Copyright Infringement

Establishing a claim of copyright infringement requires "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Roberts v. Gordy*, 877 F.3d 1024, 1028 (11th Cir. 2017). The first element of copyright infringement is not in dispute. Plaintiff contends that he is the sole owner of all rights, including copyright rights, to this publication, its cover design, and its artwork. (Dkt. 1 at 5.)

The second element of copyright infringement can be shown with either "direct proof of copying" or, "if direct proof is unavailable, by demonstrating (1) that the defendants had access to the copyrighted work and (2) that the produced works are 'substantially similar.'" *Home*

---

[3] This finding does not bar Defendant from later moving for dismissal, or the Court later dismissing this claim.

*Design Servs., Inc. v. Turner Heritage Homes Inc.*, 825 F.3d 1314, 1321 (11th Cir. 2016) (numbers added).  Accordingly, at the motion to dismiss stage, Plaintiff may fulfill the second element by pleading enough facts to demonstrate Defendant's potential access to and production of substantially similar works.

Plaintiff claims Defendant registered a false ISBN and falsely claimed Atlanta Book Printing was the publisher of the book while in possession of the electronic copies of Plaintiff's book.[4]  (Dkt. 1 at 4–5.) Defendant moves to dismiss Plaintiff's false ISBN registration claim on the grounds that a violation of ISBN rules is not a copyright violation. (Dkt. 8-1 at 8–9.)  Defendant is correct.  Plaintiff's complaint lacks any explanation as to how Defendant's alleged action of registering a false

---

[4] The Court notes Plaintiff states that Defendant falsely claimed Atlanta Book Printing was the publisher *and* falsely claimed to be the publisher himself.  (Dkt. 1 at 4–5.)  The Court need not accept Plaintiff's assertion that Defendant falsely claimed to be the publisher himself as true. Although a court must accept the factual allegations in the complaint as true when analyzing a motion to dismiss, when a plaintiff attaches documents or exhibits which contradict the factual allegations in the plaintiff's complaint, the exhibits govern.  *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007); Fed. R. Civ. P. 10(c) (providing that a written instrument that is an exhibit to a pleading is part of the pleading for all purposes).  The screenshot of Google Books attached to the complaint shows the publisher as Atlanta Book Printing.  (Dkt. 1-1 at 6.)

ISBN constituted copying. *See Oakley v. Amazon.com, Inc.*, No. 1:16-CV-3683, 2017 WL 413292, at *1 (N.D. Ga. Jan. 31, 2017) (dismissing plaintiff's copyright infringement claim which alleged ISBN numbers provided by defendants were being used by defendants to "control Plaintiff's books in the online book markets"). An ISBN is not an original work of authorship and Plaintiff does not explain how a false ISBN overlaps with protected elements of his copyrighted book. Plaintiff's allegation based on the registration of a false ISBN thus fails to state a claim for copyright infringement.

As to Plaintiff's contention Defendant infringed his copyright by falsely claiming Atlanta Book Printing was the publisher, Defendant seeks dismissal on the grounds he is not a proper party because Atlanta Book Printing was identified as the publisher. (Dkt. 8-1 at 14–15.) According to Defendant, Plaintiff seeks to hold him liable for the alleged actions of Atlanta Book Printing. (*Id.*) A corporation is a "separate entity, a legal being having an existence separate and distinct from that of its owners." *Krivo Indus. Supply Co. v. Nat'l Distillers & Chem. Corp.*, 483 F.2d 1098, 1102 (5th Cir. 1973). At this stage, the Court cannot say whether Defendant Deedy is an improper party. Of course, corporations

are separate entities from shareholders, officers, and directors, but Plaintiff alleges Defendant Deedy falsely claimed Atlanta Book Printing was the publisher. (Dkt. 1 at 4.) At other points, he alleges Defendant falsely claimed to be the publisher. (Dkt. 1 at 5, 6.) So Plaintiff says Defendant did something in this regard. The issue Defendant raises is an issue for summary judgment. Plaintiff's claim for copyright infringement based on Defendant's allegedly false representation that Atlanta Book Printing (or he) was the publisher may proceed. The Court notes Plaintiff does not clearly allege Defendant or Atlanta Book Printing actually published or copied the book without permission. It is unclear how an entity infringes a copyright merely by falsely claiming to be the "publisher." But Defendant has not moved to dismiss on this ground. Perhaps this issue will also be raised at summary judgment. But, for now, the claim may proceed.

### E.   Trademark Infringement

Under Section 32(1) of the Lanham Act, any person who, without the consent of the registrant, "uses in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of

20

any goods" with which the use is likely to cause confusion is liable to the registrant.  15 U.S.C. § 1114(1).  "To establish a prima facie case in an ordinary trademark infringement suit, a claimant need only demonstrate that: (1) it enjoys enforceable rights in its mark, and (2) the alleged infringer adopted a mark that is the same or confusingly similar." *SunAmerica Corp. v. Sun Life Assurance Co. of Can.*, 77 F.3d 1325, 1334 (11th Cir. 1996).  Ownership of a principal registration is "prima facie evidence of the validity of the registered mark and the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce or in connection with the goods" specified in the registration.  15 U.S.C. § 1115(a).

Defendant moves to dismiss Plaintiff's trademark infringement claim because Plaintiff does not claim Defendant used Interior Solutions' mark.  (Dkt. 8-1 at 11.)  Plaintiff claims that Defendant infringed on his trademark rights by falsely claiming to be the publisher, while in possession of the electronic files of Plaintiff's book.  (Dkt. 1 at 6.)  He alleges that the actual and sole publisher is Interior Solutions.  (*Id.*)  He contends that the Interior Solutions trademark is registered with the U.S. Patent and Trademark Office and owned by Plaintiff.  (*Id.*)

21

Plaintiff never alleges that Defendant used his mark.   Plaintiff contends that Defendant falsely registered the book and falsely claimed to be the publisher, but there is no indication the book was published with Interior Solutions' trademark.   Infringement occurs when one *uses* a mark without permission.   If the trademark was never used, there can be no infringement.   The Court dismisses Plaintiff's claim for trademark infringement.

### F.   Fraud

Under Federal Rule of Civil Procedure 9(b), a plaintiff alleging fraud must "state with particularity the circumstances constituting the fraud."   Fed. R. Civ. P. 9(b).   A plaintiff does that by stating

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 972 (11th Cir. 2007) (citation omitted).   A plaintiff, however, can plead scienter generally. *See* Fed. R. Civ. P. 9(b).   Put simply, "it is sufficient to plead the who, what, when, where, and how of the allegedly false statements and then

allege generally that those statements were made with the requisite intent." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008). Though more demanding than Rule 8's pleading standard, Rule 9(b) does not "abrogate the concept of notice pleading." *Tello*, 494 F.3d at 972.

Defendant moves to dismiss Plaintiff's claim for fraud because Plaintiff has not plead that claim with the requisite level of specificity. (Dkt. 8-1 at 12–13.) Plaintiff identifies Defendant's "acts of fraud" as Defendant falsely registering Plaintiff's book and falsely claimed to the publisher. (Dkt. 1 at 6.) To this, he adds an allegation that Defendant "deliberately marked ***their*** false ISBN as 'Publication Cancelled'" to conceal the infringement. (*Id.* at 6-7.)[5] Plaintiff then alleges Defendant's "actions were also flagrant because they were done deceptively; for the Defendant never informed the Plaintiff that he registered the Plaintiff's

---

[5] The Court notes that Plaintiff uses the plural possessive pronoun "their" when he has sued only an individual. While the use of that pronoun has become acceptable in reference to a single person in certain circumstances, the Court doubts that is Plaintiff's intent. Rather, the use of this word evidences Plaintiff's repeated refusal to distinguish between the Defendant he sued (Neil Deedy) and a defendant he did not sue (Atlanta Book Printing).

book." (*Id.*)  Plaintiff claims he asserts fraud with particularity because he alleges:

> (1) precisely what statements were made (by the Defendant) in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled Plaintiff, and (4) what the Defendants obtained as a consequence of the fraud.

(*Id.* at 8.)

Plaintiff does not, in fact, identify the specific statements at issue. He sets forth no time or place, how he was misled, or what benefit Defendant gained from any alleged fraud.  Plaintiff merely restates the elements of fraud almost verbatim.  (*Id.*)  He alleges Defendant falsely claimed to be the publisher of his book (or falsely claimed Atlanta Book Printing was).  That is the closest he comes to identifying an actual statement.  But he does not say when or to whom Defendant allegedly made these allegations.  And, as explained above, he elsewhere alleges Atlanta Book Printing did these things and uses plural pronouns when referring to Defendant.  And at one point, he refers to Defendant**s**.  (*Id.* at 5.)  He literally hedges attribution for the allegedly false statement between Defendant and/or a third-party, non-defendant.  This

exemplifies the very need for more specificity in Plaintiff's fraud allegations—so Defendant can determine what exactly Plaintiff says he did or whether Plaintiff seeks to hold him accountable for the actions of Atlanta Book Printing. As his only other effort to identify the allegedly fraudulent statements, Plaintiff refers to briefs in another case (1:19-cv-4268). But those briefs also do not identify how Plaintiff was misled or what benefit Defendant gained from any alleged fraud.

Plaintiff's allegations are too vague and general to meet the requirements of Rule 9(b), and thus cannot support a claim for fraud. Accordingly, the Court dismisses Plaintiff's claim for fraud.

## G.   Not a Proper Party

Defendant also moves to dismiss because he contends he is not the proper party. (Dkt. 8-1 at 14.) Defendant argues Plaintiff alleges he hired Premier Graphics & Communications Inc. to print his book and Atlanta Book Printing was identified as the publisher. (*Id.*) According to Defendant, Plaintiff seeks to hold Defendant liable for the alleged actions of Premier Copy, Inc., Atlanta Book Printing, and Premier Graphics & Communications Inc. (*Id.*) Plaintiff, however, alleges "Defendant" registered Plaintiff's book with Defendant's ISBN and

falsely claimed Atlanta Book Printing as the book's publisher.  Again, the Court notes Plaintiff sued a single Defendant but refers to "their" conduct several times.  (Dkt. 1 at 7 At this stage, the Court cannot determine Defendant is an improper party.  This is obviously an issue for summary judgment when Defendant can challenge Plaintiff's ability to present an issue of material fact as to Defendant's own, individual conduct without discombobulating between a person and an entity.

## IV.  Joinder

Plaintiff moves "to require Joinder of the necessary Defendants or for Judgment on the Pleadings if Joinder is not Feasible."  (Dkt. 48 at 1.) Under Federal Rule of Civil Procedure 19, a person subject to service of process and whose joinder will not defeat subject-matter jurisdiction must be joined as a party if: (1) "in that person's absence, the court cannot accord complete relief among existing parties"; or (2) that person claims an interest and is so situated that disposing of the action without that person may either "impair or impede the person's ability to protect the interest" or "leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  Fed. R. Civ. P. 19.  Joining a party also requires a factual

showing to support claims against that party. *See, e.g.*, *Lee v. Ocwen Loan Servicing, LLC*, No. 1:14-CV-99, 2015 WL 12591007, at *4 (N.D. Ga. Feb. 17, 2015) ("In order to amend a complaint to add additional parties after a responsive pleading has been filed, a plaintiff must satisfy both the requirements of Rule 15(a) and demonstrate compliance with one of the other rules governing the addition of parties, such as Rule 19, 20, or 21." (quoting *Fincher v. Georgia-Pacific, LLC*, No. 1:08-CV-3839, 2009 WL 2601322, at *1 (N.D. Ga. Aug. 24, 2009))).

Plaintiff contends Premier Graphics & Communications Inc. is a legal entity that reportedly shares an interest in this suit. (Dkt. 48 at 2.) The only allegation about this entity is that Plaintiff allegedly hired it to print his book. (Dkt. 1 at 3.) Plaintiff proceeds under theories of publisher and copyright infringement. Premier Graphics & Communications is not needed for a just adjudication of those claims. Plaintiff's copyright infringement claim is about Defendant falsely claiming Atlanta Book Printing is the publisher. Even Plaintiff states, "Premier Graphics & Communication Inc. is not a necessary party" and it "should not and cannot now be joined because of the Defendant's

violations." (Dkt. 48 at 5.)  The Court thus denies Plaintiff's motion for joinder.

## V.    Pierce Corporate Veil

On March 24, 2021, Plaintiff moved to pierce the corporate veil. (Dkt. 23.)  Plaintiff then filed a brief in support of that motion on April 2, 2021.  (Dkt. 31.)  Plaintiff contends veil piercing is necessary because Defendant committed serious misconduct.  (Dkt. 23 at 2.)  He argues "[v]eil piercing is necessary here because the Defendant has Willfully committed unlawful acts against the Plaintiff. . . . The Defendant's current attempt to confuse and use his corporation to avoid tort liability gives this Court the liberty and responsibility to Pierce the Corporate Veil for the sake of justice and fairness."  (Dkt. 31 at 4.)

> The concept of piercing the corporate veil is applied in Georgia to remedy injustices which arise where a party has over extended his privilege in the use of a corporate entity in order to defeat justice, perpetrate fraud or to evade contractual or tort responsibility. Because the cardinal rule of corporate law is that a corporation possesses a legal existence separate and apart from that of its officers and shareholders, the mere operation of corporate business does not render one personally liable for corporate acts. Sole ownership of a corporation by one person or another corporation is not a factor, and neither is the fact that the sole owner uses and controls it to promote his ends. There must be evidence of abuse of the corporate form. Plaintiff must show that the defendant disregarded the separateness of legal entities by commingling on an

interchangeable or joint basis or confusing the otherwise
separate properties, records or control.

*J-Mart Jewelry Outlets, Inc. v. Standard Design*, 462 S.E.2d 406, 407 (Ga.

Ct. App. 1995) (quoting *Fuda v. Koren*, 420 S.E.2d 767, 768 (Ga. Ct. App.

1992)).  Plaintiff presents no evidence Defendant disregarded Premier

Copy, Inc.'s or Premier Graphics & Communications Inc.'s corporate

forms, abused the corporate forms, commingled those entities funds with

his own funds, or did anything to justify piercing the corporate veil.

Plaintiff simply contends veil piercing is necessary.  The Court thus

denies Plaintiff's motion to pierce the corporate veil.

## VI.  Motions for Judgment on the Pleadings

On March 3, 2021, Plaintiff moved for judgment on the pleadings.

(Dkt. 10.)   On April 15, 2021, Plaintiff filed a renewed motion for

judgment on the pleadings.  (Dkt. 39.)

"After the pleadings are closed—but early enough not to delay

trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P.

12(c).  "Judgment on the pleadings is appropriate where there are no

material facts in dispute and the moving party is entitled to judgment as

a matter of law."  *Palmer & Cay, Inc. v. March & McLennan Cos., Inc.*,

404 F.3d 1297, 1303 (11th Cir. 2005); *see also Hawthorne v. Mac*

*Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998) ("Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts.").

"Where the plaintiff moves for judgment on the pleadings, the fact allegations of the answer are taken to be true, but those of the complaint are taken as true only where and to the extent that they do not conflict with those of the answer." *Parker v. DeKalb Chrysler Plymouth*, 459 F. Supp. 184, 187 (N.D. Ga. 1978), *aff'd*, 673 F.2d 1178 (11th Cir. 1982). "Thus, plaintiff may not move for judgment on the pleadings where the answer raises issues of fact which if proved would defeat recovery." *Id.* at 187–88 (citing *Bass v. Hoagland*, 172 F.2d 205 (5th Cir. 1959), *cert. denied*, 338 U.S. 816 (1949)). Otherwise, the legal standard for assessing a motion for judgment on the pleadings is the same as the standard for a motion to dismiss under Rule 12(b)(6). *Roma Outdoor Creations, Inc. v. City of Cumming, Ga.*, 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008).

In Plaintiff's first motion for judgment on the pleadings, he contends he has provided undisputable evidence that Defendant's acts of infringement establish that Plaintiff is entitled to judgment and relief.

(Dkt. 10 at 1.)  Because the Court grants Defendant's motion to dismiss as to Plaintiff's claims for trademark infringement and fraud, the Court will only address Plaintiff's claims for copyright and publisher infringement.

At this stage, the Court cannot determine whether Plaintiff is entitled to judgment as a matter of law on his publisher infringement claim since there is no indication it is a cognizable claim and Plaintiff does not specify which allegations apply to this claim.  The Court thus denies Plaintiff's motion for judgment on the pleadings as to his claim of publisher infringement.

In his complaint, Plaintiff alleges he gave his manuscript to Premier Graphics & Communications Inc. for printing.  (Dkt. 1 at 3.) Plaintiff also claims Defendant registered the book by falsely claiming Atlanta Book Printing was the publisher.  (*Id.* at 4.)  Plaintiff alleges Defendant has been able to disseminate Plaintiff's book both nationally and internationally without Plaintiff's knowledge or consent, although he does not actually allege Defendant did so.  (*Id.* at 10.)

Defendant contends judgment on the pleadings is improper given his denials of Plaintiff's factual allegations and affirmative defenses.

(Dkt. 17 at 5.)   In his answer, Defendant specifically denies falsely registering Plaintiff's book and disseminating that book.   (Dkt. 7 at 4, 6.) "[T]hose elements of the complaint cannot be taken as true because they conflict with the answer." *Mt. Hawley Ins. Co. v. America's Home Place, Inc.*, No. 2:17-CV-00242, 2019 WL 2004134, at *3 (N.D. Ga. Mar. 19, 2019) (citing *Parker*, 459 F. Supp. at 187–88).   "Since Plaintiff is the moving party, the Court must draw all inferences in favor of Defendant, as the non-moving party." *Bernath v. Seavey*, No. 2:15-cv-358, 2015 WL 13805064, at *1 (M.D. Fla. Sept. 29, 2015) (citing *Guarnino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011)).   Because of the material disputes of facts about the surrounding circumstances of the printing and registering of Plaintiff's book, a decision as a matter of law is premature. The Court thus denies Plaintiff's motion for judgment on the pleadings.

On April 15, 2021, Plaintiff filed a motion he calls "renewed motion for judgment on the pleadings." (Dkt. 39.)   In reality, it is a motion to hold Defendant in contempt and pierce the corporate veil, and possibly another motion for judicial notice.   If this is a motion to pierce the corporate veil, the Court denies it for the reasons discussed above.   If this is another motion for judicial notice, the Court has already decided what

it will and will not judicially notice.  If this is a motion for contempt, the Court finds no basis to hold Defendant in contempt.  Plaintiff contends Defendant is "guilty of falsification and should be held in Contempt for his willful deception."  (*Id.* at 1.)  Plaintiff argues "Defendant clearly changed its corporate name to avoid legal liability." (*Id.* at 2.)  Defendant is an individual—Neil Deedy.  There is no indication Defendant Deedy changed his personal name to Premier Graphics & Communications Inc. And Premier Graphics & Communications Inc. is not a party to this lawsuit.  Plaintiff also appears to argue Defendant's counsel violated the rules of professional conduct.  (*Id.* at 4–5.)  Plaintiff contends defense counsel filed a fraudulent and defective initial certificate of interested persons.  (Dkt. 50 at 6.)  He argues the amended certificate "is also fraudulent and therefore Defective." (*Id.*)  Defense counsel admitted they made a mistake in Defendant's initial certificate of interested persons by naming Premier Copy, Inc. instead of Premier Graphics & Communications Inc. (Dkt. 47 at 8–9.)  After Plaintiff complained about the original certificate of interested parties, Defendant filed an amended certificate correcting the name.  (Dkt. 41.)  The Court sees no reason to

conclude the original misnomer is anything but a mistake.  The Court thus denies Plaintiff's renewed motion for judgment on the pleadings.

## VII.  Limited Discovery

On March 19, 2021, Defendant moved to stay discovery and extend deadlines until the Court's ruling on Defendant's motion to dismiss. (Dkt. 19.)  On April 6, 2021, the Court granted that motion and stayed discovery until fourteen days after the Court's ruling on Defendant's motion to dismiss. (Dkt. 32.)  On April 8, 2021, Plaintiff moved for limited discovery.  (Dkt. 36.)  Plaintiff contends he needs discovery to identify persons who may be joined as parties.  (*Id.* at 3.)  He requests the Court require Defendant respond to Plaintiff's requests for production of documents because Defendant "falsely identified Premier Copy, Inc. as a legal entity and Interested Party."  (*Id.* at 4.)  First, Plaintiff has known of Premier Copy, Inc. and Premier Graphics & Communications Inc. since he filed his amended complaint on May 27, 2020 in his prior civil action (No. 1:19-cv-4268, Dkt. 30), so he need not conduct discovery to ascertain persons who may be joined as parties.  Second, the Court now rules on Defendant's motion to dismiss, so the discovery stay will soon be lifted.

## VIII. Motion to Compel

On April 9, 2021, Plaintiff filed a motion to compel Defendant to file initial disclosures. (Dkt. 38.)  Plaintiff failed to comply with the Court's standing order, Federal Rule of Civil Procedure 37, and Local Rule 37.1. The Court's standing order states, in relevant part, that "[m]otions to compel, to quash a subpoena, for a protective order, or for sanctions ordinarily should **NOT** be filed without a prior conference with the Court."  (Dkt. 5 at 6.)  The Standing Order states that parties "must submit discovery disputes to the Court before formal motions to compel . . . are filed" and it describes how a movant should present its dispute to the Court.  (*Id.* at 5.)  Plaintiff did not seek a conference with the Court before filing this motion.  Plaintiff also failed to comply with Federal Rule of Civil Procedure 37 and Local Rule 37.1.  Under Federal Rule of Civil Procedure 37, a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Under Local Rule 37.1(A)(1), a motion to compel disclosure must "[i]nclude the certification of counsel with regard to the duty to confer required by Fed. R. Civ. P. 37(a)(2)(A)(B)."  L.R. 37.1, NDGa. Plaintiff

includes no certification that he made an attempt to meet and confer with Defendant before filing the motion. Plaintiff's motion if thus procedurally improper and the Court could deny it on that ground alone. But the Court addresses the merits of the motion.

Plaintiff argues Defendant has failed to comply with Federal Rule of Civil Procedure 26 because he did not file his initial disclosures. (Dkt. 38.) In the Court's order granting Defendant's motion to stay, the Court extended the deadlines to file initial disclosures until fourteen days after the Court's ruling on Defendant's motion to dismiss. (Dkt. 32.) Plaintiff's motion is thus without merit. The Court also now rules on Defendant's motion to dismiss, so the discovery stay will soon be lifted. The Court thus denies Plaintiff's motion to compel.

## IX.   Motion for Preliminary Injunction

On June 29, 2021, Plaintiff moved for a preliminary injunction. (Dkt. 68.) Plaintiff's one-page motion states that he "files this Motion for Preliminary Injunction to stop the Defendant from using the Plaintiff's work, files, art work, etc. in relation to the book in question." (*Id.* at 1.) Plaintiff requests the motion be granted until the case ends and asks the Court to issue a permanent injunction after the case ends. (*Id.*) A

preliminary injunction is "an extraordinary remedy" whose purpose is "to preserve the positions of the parties . . . until a trial on the merits may be held." *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)); *see also United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) ("In this Circuit, a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites.") (internal citations omitted).  To obtain a preliminary injunction, Plaintiff must clearly establish: (1) a substantial likelihood of success on the merits, (2) irreparable injury to Plaintiff absent the relief sought, (3) that the threatened injury to Plaintiff outweighs the harm the relief would inflict on Defendant; and (4) that the injunction, if granted, would not be adverse to the public interest.  *See, e.g.*, *Siebert v. Allen*, 506 F.3d 1047, 1049 (11th Cir. 2007).  Plaintiff does not list or discuss the elements, failing to clearly establish a single element.  The Court thus denies Plaintiff's motion for preliminary injunction.  (Dkt. 68.)  The Court also

denies as moot Plaintiff's motions for expedited consideration of his motion for preliminary injunction.  (Dkts. 72; 73.)

## X.    Conclusion

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Judicial Notice (Dkt. 51) and Third Motion for Judicial Notice (Dkt. 62).  The Court **DENIES** Plaintiff's Second Motions for Judicial Notice.  (Dkts. 54; 55.)

The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss.  (Dkt. 8.)  The Court dismiss Plaintiff's claims for trademark infringement and fraud but allows to proceed Plaintiff's claims for publisher and copyright infringement.

The Court **DENIES** Plaintiff's Motion for Joinder of Necessary Defendants.  (Dkt. 48.)

The Court **DENIES** Plaintiff's Motion to Pierce the Corporate Veil. (Dkt. 23.)

The Court **DENIES** Plaintiff's Motion for Judgment on the Pleadings (Dkt. 10) and Renewed Motion for Judgment on the Pleadings (Dkt. 39).

The Court **DENIES** Plaintiff's Motion for Limited Discovery.  (Dkt. 36.)

The Court **DENIES** Plaintiff's Motion to Compel.  (Dkt. 38.)

The Court **DENIES** Plaintiff's Motion for Preliminary Injunction. (Dkt. 68.)   The Court **DENIES AS MOOT** Plaintiff's Motions for Expedited Consideration of the Motion for Preliminary Injunction. (Dkts. 72; 73.)

**SO ORDERED** this 15th day of October, 2021.

_____

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE