IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Varujan L. Piccard,

        Plaintiff,

v.                                Case No. 1:21-cv-558-MLB

Neil P. Deedy,

        Defendant.

_____/

## OPINION & ORDER

Plaintiff Varujan Piccard sued Defendant Neil Deedy for copyright infringement, trademark infringement, publisher infringement, and fraud.[1] (Dkt. 1.) The parties filed five motions. (Dkts. 85; 109; 115; 134; 135.)[2] The Court addresses each.

---

[1] The Court previously dismissed Plaintiff's claims for trademark infringement and fraud. (Dkt. 76.)
[2] Defendant only filed one motion (Dkt. 85), with Plaintiff filing the other four. (Dkts. 109; 115; 134; 135.)

## I.  Background[3]

According to Plaintiff's allegations in the complaint, he hired Premier Graphics & Communications in November 2018 to print a book he had written entitled "The Book of Zhongli – The Way of the Warrior." (Dkt. 1 at 3.) Plaintiff alleges Defendant Deedy (Premier Graphic's CEO) offered to "give" Plaintiff an International Standard Book Number ("ISBN") for the book. (*Id.* at 4.) Plaintiff declined, claimed doing so would violate ISBN Agency Policy. (*Id.*) Plaintiff provided his own ISBN, but Defendant nevertheless registered the book with a different ISBN and without telling Plaintiff he had done so. (*Id.*) Plaintiff says Defendant also registered Plaintiff's book by falsely claiming Atlanta Book Printing was the publisher. (*Id.*) He says Defendant registered the book while possessing electronic copies of it. (*Id.* at 5–6.) Finally, he claims Defendant marked their "false" ISBN as "Publication Cancelled" in the ISBN database. (*Id.* at 7.) He does not allege Defendant every wrongfully copied, published, or distributed the book.

---

[3] The Court obtained and modified the background from its order on Defendant's motion to dismiss. (Dkt. 76.)

Plaintiff is the sole author and owner of all rights to the publication at issue. (*Id.* at 5.) The actual publisher of the book is Interior Solutions, whose trademark is registered by the U.S. Patent and Trademark Office and is owned by Plaintiff. (*Id.* at 6.)

On February 8, 2021, Plaintiff, proceeding pro se, filed his complaint, alleging copyright infringement, trademark infringement, publisher infringement, and fraud, naming only Defendant Deedy as a defendant. (*Id.* at 3.) On March 3, 2021, Defendant moved to dismiss. (Dkt. 8.) The Court granted Defendant's motion in part and denied it in part, allowing to proceed Plaintiff's "publisher infringement" and copyright infringement claims, the latter permitted to proceed only based on Defendant's allegedly false representation that Atlanta Book Printing (or he) was the publisher. (Dkt. 76.) The Court did so because it did not appear Defendant had moved to dismiss those claims. On November 22, 2021, Defendant filed a motion for judgment on the pleadings to dismiss those remaining claims. (Dkt. 85.) Plaintiff then filed a motion for judicial notice on January 4, 2022 (Dkt. 109); a motion for judicial notice on January 13, 2022 (Dkt. 115); a motion to terminate a premature deposition (Dkt. 134); and a motion to stay judgment on Defendant's

motion for judgment on the pleadings until the completion of discovery (Dkt. 135).

## II. Motions for Judicial Notice

Under Federal Rule of Evidence 201(b), a court make take judicial notice of a fact without formal proof when the fact is not subject to reasonable dispute because it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The Eleventh Circuit has urged caution in this regard because the judicial notice process "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in [a] district court." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). "[T]he kind of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Id.* And "a court's authority to take judicial notice under Rule 201 is limited to notice of adjudicative facts, which are defined as the facts of the particular case . .

. which relate to the parties. A court may thus refuse to take judicial notice of facts that are irrelevant to the proceeding." *Ballard v. Bank of Am. Corp.*, No. 1:13-cv-04011, 2014 WL 11970543, at *7 (N.D. Ga. Sept. 11, 2014) (internal citations and quotation marks omitted); *United States v. Falcon*, 957 F. Supp. 1572, 1584–85 (S.D. Fla. 1997) (because the Advisory Committee Notes to Rule 408 "define adjudicative facts as the facts of the particular case . . . which relate to the parties[,] . . . a court may refuse to take judicial notice of facts that are irrelevant to the proceeding."). "[L]egal arguments and conclusions subject to more than one interpretation are not the types of statements that are the proper subject of judicial notice." *Reynolds v. United States*, No. CV 109-061, 2010 WL 1006253, at *4 (S.D. Ga. Mar. 17, 2010).

Plaintiff asks the Court to take judicial notice of five business licenses issued to Interior Solutions, a trade name registration and amendment for Interior Solutions, the title page of his book, a screenshot of a website, and Plaintiff's statement of facts regarding Defendant's allegations.  (Dkts. 109; 115.)[4]  The Court analyzes each:

---

[4] The Court admonishes Plaintiff for citing no law that supports taking judicial notice of documents.  Plaintiff cites law on authentication and

**(1)** Five business licenses (Dkts. 109 at 4–7; 115 at 3.)

The Court takes judicial notice of the Interior Solutions Business Licenses for 2018, 2019, 2020, 2021, and 2022.

**(2)** Trade name registration and amendment (Dkt. 109 at 8–9.)

The Court takes judicial notice of the Interior Solutions Trade Name Registration and the Interior Solutions Trade Name Registration Amendment.

**(3)** Title page (Dkt. 109 at 10.)

The Court will not take judicial notice of the title page of The Book of Zhongli – The Way of the Warrior.  An unauthenticated title page is not the kind of document that is judicially noticed under Federal Rule of Evidence 201(b).

**(4)** Webpage (Dkt. 109 at 11.)

The Court will not take judicial notice of this "fact" which is really just a screenshot of a website.  In this day and age, no one can credibly allege a website is the kind of source whose accuracy cannot reasonably be questioned.  Far from containing incontrovertible truths, websites

---

hearsay, but not judicial notice.  *See* LR 7.1(A)(1), NDGa ("Every motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority.").

typically contain marketing materials or records known (and confirmable) only by the administrator. It is hard to image something less appropriate for judicial notice than a website, except perhaps a social media post. As another court put it:

> [C]ourts have long recognized that private, non-governmental websites are not the proper subject of judicial notice. Indeed, one court has gone so far as to describe information available from private internet websites as not remotely akin to the type of facts which may be appropriately judicially noticed. First, this information is not self-authenticating and [the plaintiff] does not proffer any evidence that adequately proves the authenticity of the information from the website. In fact, business websites generally are not the sorts of sources whose accuracy cannot reasonably be questioned. Thus, the information which [the plaintiff] requests to be judicially noticed is not the type of evidence contemplated by . . . the Federal Rules of Evidence.

*Daniels v. Howe Law Firm, P.C.*, 1:15-cv-00827, 2016 WL 11581822, at *2 (N.D. Ga. May 17, 2016), *report and recommendation adopted by* 2016 WL 11581982 (N.D. Ga. Jun. 15, 2016).

**(5)** Statement of facts (Dkt. 115 at 4–13.)

It is unclear whether Plaintiff's statement of facts is part of his motion for judicial notice, but to the extent it is, the Court will not take judicial notice of the statement since it is unauthenticated references to emails and allegations.

### III. Motion to Stay

Plaintiff moves for an order staying judgment on Defendant's motion for judgment on the pleadings until discovery is completed. (Dkt. 135.) The Court denies that motion.

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The pleadings are closed when a complaint and answer have been filed." *Lillian B. ex rel. Brown v. Gwinnett Cnty. Sch. Dist.*, 631 F. App'x 851, 853 (11th Cir. 2015) (citing Fed. R. Civ. P. 7(a)). Defendant filed its answer on March 3, 2021. (Dkt. 7.) Pleadings are thus closed. A motion for judgment on the pleadings also does not depend on discovery. Instead, the only issue before the Court is whether the complaint states a claim. *See* Fed. R. Civ. P. 12(h) (when a complaint fails to state a claim, the issue may be raised "by a motion under Rule 12(c)"); *Payne v. Doco Credit Union*, 734 F. App'x 623, 627 (11th Cir. 2018) ("[A] motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss."); *Doe v. Bd. of Cnty. Comm'rs*, 815 F. Supp. 1448, 1449 (S.D. Fla. 1992) ("The standard of review for judgment on the pleadings is almost identical to

8

the standard used to decide motions to dismiss."). The Court thus denies Plaintiff's motion to stay.

## IV. Motion for Judgment on the Pleadings

### A. Legal Standard

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Palmer & Cay, Inc. v. Marsh & McLennan Cos., Inc.*, 404 F.3d 1297, 1303 (11th Cir. 2005) (citing *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002)). When considering a motion for judgment on the pleadings, the Court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff, the non-movant. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006). But "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Long v. Fulton Cnty. Sch. Dist.*, 807 F. Supp. 2d 1274, 1282 (N.D. Ga. 2011). A complaint will survive judgment on the pleadings if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

9

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### B. Plaintiff's General Objections

Plaintiff contends Defendant's motion should be denied because (1) it is premature; (2) discovery is still ongoing; (3) Plaintiff's claims are established; (4) the Court found Plaintiff's claims for copyright and publisher infringement have merit so they can proceed; (5) the Court already addressed issues related to trademark; and (6) the Court already entered an order on a motion for judgment on the pleadings. (Dkt. 87 at 1–4.) As to Plaintiff's first and second objections, as discussed above, this motion is not premature, and it does not matter that discovery is still ongoing. As to Plaintiff's third and fourth objections, in the Court's order on Defendant's motion to dismiss, it found that, although it did not believe publisher infringement was a cognizable cause of action, because Defendant did not mention the claim in its motion to dismiss, the claim was allowed to proceed. (Dkt. 76 at 17.) It was understandable that Defendant did not expressly address the claim as Plaintiff's pro se complaint referred to "publisher infringement" but then discussed trademark infringement. (Dkt. 1 at 6.) The Court also noted "[t]his

10

finding does not bar Defendant from later moving for dismissal, or the Court later dismissing this claim." (*Id.* at 17 n.3.)

The Court also allowed Plaintiff's claim for copyright infringement based on Defendant's allegedly false representation that Atlanta Book Printing (or he) was the publisher to proceed. But the Court noted Plaintiff did not clearly allege Defendant or Atlanta Book Printing actually published or copied the book without permission and it is unclear how an entity infringes a copyright merely by falsely claiming to be the publisher. (*Id.* at 20.) Because Defendant did not move to dismiss on that ground, the claim was allowed to proceed. (*Id.*) The Court thus invited Defendant to move for dismissal of these claims as Defendant had not previously done so. As to Plaintiff's fifth objection, Defendant's motion for judgment on the pleadings does not address Plaintiff's already dismissed trademark infringement claim. As to Plaintiff's sixth objection, which simply restates the Court's order on *Plaintiff's* motion for judgment on the pleadings, Defendant's motion is a different motion by a different party. The Court thus finds Plaintiff's general objections to be unavailing.

11

## C.   Publisher Infringement

Defendant contends Plaintiff fails to state a claim for publisher infringement because (1) this is not a cognizable cause of action and (2) he does not clearly allege the factual basis for this claim. (Dkt. 85 at 13–16.)   The Court notes the complaint only references code sections for copyright infringement and trademark infringement but appears to allege a separate "publisher infringement" claim. (Dkt. 1 at 3.)

A publisher is "one that publishes something." *See Publisher*, Merriam-Webster Online Dictionary (2022), https://www.merriam-webster.com/dictionary/publisher.  A person's status as a publisher does not imply he or she created the work.  A publisher does not "own" any rights.  This is different from a copyright with ownership initially vesting with the author of a work, *see* 17 U.S.C. § 201, and a trademark whose owner may request registration, *see* 15 U.S.C. § 1051.   Copyright infringement occurs when someone infringes upon the exclusive rights of a copyright owner.  *See* 17 U.S.C. § 501.  A copyright owner has the exclusive rights to reproduce the work, prepare derivative works, distribute the work, perform the copyrighted work publicly, and display the work publicly.  17 U.S.C. § 106.  Copyright protection subsists in

"original works of authorship." 17 U.S.C. § 102. Trademark infringement involves the unauthorized use of a mark. 15 U.S.C. § 1114. The Court is unaware of, and Plaintiff has failed to provide, any support for the existence of a cause of action denominated "publisher infringement." A claim for publisher infringement also cannot be brought under the copyright or trademark framework because the identification of a publisher is not a unique work of authorship and is not a trademark. There thus appears to be no cognizable claim under trademark or copyright laws for what Plaintiff calls "publisher infringement"—that is, falsely claiming to be the publisher of some work.

Even if there is a cognizable claim for violation of publisher's rights, Plaintiff's claim fails because his complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Section V of the complaint is titled "Copyright, Trademark, Publisher Infringement Claim w/Specificity." (Dkt. 1 at 5.) Under the "Publisher Trademark" section, Plaintiff alleges Defendant falsely claimed to be the publisher of the book while in possession of the electronic files of Plaintiff's book, which constituted infringement. (*Id.* at 6.) Plaintiff

13

identifies no protectable interest that he has as a publisher or any specific act Defendant allegedly took which would constitute an actionable violation of a publisher's rights. Because Plaintiff failed to plead factual or legal content that allows the Court to draw the reasonable inference Defendant is liable for publisher infringement, the Court dismisses that claim.

### D.   Copyright Infringement

Establishing a claim of copyright infringement requires "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Roberts v. Gordy*, 877 F.3d 1024, 1028 (11th Cir. 2017). Plaintiff alleges Defendant infringed his copyright by falsely claiming Atlanta Book Printing (or Defendant) was the publisher. (Dkt. 1 at 4–5.) But Plaintiff has not alleged that he has a valid copyright in the identity of the publisher. And, as noted above, a copyright owner has the exclusive rights to reproduce the work, prepare derivative works, distribute the work, perform the copyrighted work publicly, and display the work publicly. *See* 17 U.S.C. § 106. But Plaintiff does not allege an original work of authorship was reproduced, used to prepare derivative works, distributed, performed, or displayed publicly. *Id.* Rather,

Plaintiff simply alleges Defendant infringed his copyright by falsely claiming Atlanta Book Printing (or Defendant) was the publisher while in possession of the electronic copies of Plaintiff's book. (Dkt. 1 at 4–5.) It is unclear how an entity infringes a copyright merely by falsely claiming to be the "publisher." Especially since Plaintiff admits he requested that the book be printed by Defendant and Plaintiff picked up 100 copies. (*Id.* at 4.) Because the complaint fails to allege any unauthorized reproduction of copyrightable material (as the identity of the publisher is not an original work of authorship) the Court dismisses Plaintiff's claim for copyright infringement.

## V.  Conclusion

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Judicial Notice (4th) (Dkt. 109) and Motion for Judicial Notice (5th) (Dkt. 115).

The Court **DENIES** Plaintiff's Motion to Stay. (Dkt. 135.)

The Court **GRANTS** Defendant's Motion for Judgment on the Pleadings (Dkt. 85) and **DISMIESS** Plaintiff's Complaint.

The Court **DENIES AS MOOT** Plaintiff's Motion to Terminate Deposition. (Dkt. 134.)

**SO ORDERED** this 21st day of March, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE